

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
COLVIN McCUTCHEN,

           Plaintiff,

    -against-

WARDEN MARABELL; WARDEN HALL; DEPUTY
WARDEN RAMOS; NEW YORK CITY DEPARTMENT
OF CORRECTIONS; DORA B. SCHRIRO,
Commissioner; WARDEN RIVERA; CAPTAIN HILL;
CAPTAIN JOHNSON; CAPTAIN BAO; OFFICER
POST; OFFICER REDDICK; OFFICER SWINNEY-
CLARK; CAPTAIN BRIM;[1]

           Defendants.
-------------------------------------------------------------------

12-CV-2684 (ARR) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

Colvin McCutchen ("plaintiff"), currently held at Rikers Island, files this pro se action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his incarceration at West Facility and the Otis Bantum Correctional Center, Central Punitive Segregation Unit. According to his complaint, plaintiff arrived at West Facility on August 11, 2008, and is being held by the Department of Correction for the Office of Mental Health. He alleges that his medical condition was disregarded during the use of force by corrections officers at West Facility on October 6, 2011. Plaintiff also claims that, from October 21, 2011 to January 13, 2012, he was improperly transferred to the Central Punitive Segregation Unit, where, inter alia, he was subjected to inhumane conditions and deprived of religious services, corrections officers took away his legal documents, and he was improperly forced to undergo strip searches.

---

[1] Plaintiff lists only Wardens Marabell and Hall and Deputy Warden Ramos in the caption of his complaint and adds the additional, listed defendants in the parties section of his complaint.

1

Plaintiff seeks damages and an injunction against further "unconstitutional treatment."

Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. His claims against defendants New York City Department of Correction ("DOC") and Commissioner Dora B. Schriro ("Schriro") are dismissed. Plaintiff's claims against the remaining defendants may proceed as set forth below.

## STANDARD OF REVIEW

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The court is required to read a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests, particularly where, as here, plaintiff's complaint alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Upon review, however, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under PLRA, sua sponte dismissal of frivolous prisoner complaints is mandatory). Similarly, a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege the presence of

two elements: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

The DOC is not a proper party to this action because agencies of the City of New York cannot be sued independently under § 1983. See, e.g., Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); Bailey v. N.Y.C. Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (dismissing §1983 suit against the New York City Police Department and DOC). Plaintiff's claims are therefore dismissed as against the DOC. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A.

Nor is defendant Schriro, the Commissioner of the DOC, a proper defendant to this action. As a prerequisite to a 1983 damage award, a plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). To sustain such a suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Here, although plaintiff names Schriro as a defendant, there is no allegation that Schriro was personally involved in the alleged deprivation of plaintiff's constitutional rights. The claims against her are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A.

## CONCLUSION

Plaintiff's complaint against defendants DOC and Schriro are dismissed, and no summons shall issue as to these defendants.

Plaintiff's complaint against the remaining defendants may proceed. The Clerk of Court is directed to issue a summons against those defendants, and the United States Marshals Service

is directed to serve the complaint and this order on them, without prepayment of fees. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: June 12, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Colvin McCutchen
#21889
9005 Old River Road
CNYPC/ P.O. Box 300
Marcy, NY 13403-0300